IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>MURQUISE D. WOODEN,<br>Defendant. | )<br>)<br>)<br>) Case Nos. 22-cr-30041<br>)<br>)<br>)<br>) |

## OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is Defendant Murquise D. Wooden's Motion to Dismiss Indictment as Unconstitutional [Doc. 55]. For the reasons that follow, Defendant's Motion to Dismiss is Denied.

Defendant Murquise Wooden is charged with possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1). This Court previously denied Defendant's Motion to Dismiss the Indictment and Superseding Indictment on the basis that § 922(g)(1) violated the Second Amendment. (Doc. 47). Defendant now moves to dismiss the Indictment on the basis that § 922(g)(1) is unconstitutional in violation of the Commerce Clause and the equal protection component of the Fifth Amendment's Due Process Clause. (Doc. 55 at 1).

Federal Rule of Criminal Procedure 12(b)(3) allows a party to move to dismiss an indictment prior to trial if the indictment contains a defect. Defendant first alleges § 922(g)(1) violates his right to Equal Protection under the Fifth Amendment. Defendant

acknowledges the Seventh Circuit has previously found that § 922(g)(1) does not violate the Equal Protection Clause. *See, e.g., United States v. Jester*, 139 F.3d 1168, 1171 (7th Cir. 1998). He claims, however, that because *Jester* was premised in part on the finding that "the right to possess a firearm is not a fundamental one," *see id.*, and thus restrictions on that right would be subject to rational basis review or intermediate scrutiny. Following the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), which Defendant claims appears to hold that even "public carry" is a "fundamental right," *id.* at 60, Defendant contends that an Equal Protection challenge to § 922(g)(1) should be undertaken by applying strict scrutiny.

In denying Defendant's prior motion to dismiss, this Court noted that Defendant's "extensive criminal history," which includes "multiple felony convictions for violent offenses, two of which involved a firearm," meant that he is not a "law-abiding, responsible citizen" who retains the right to possess a firearm under the Second Amendment. (Doc. 47 at 12-13). To the extent *Bruen* holds that public carry is a fundamental right, the Court adheres to its view that the right extends to "law-abiding citizens with ordinary self-defense needs," as described by the Supreme Court. *Bruen*, 597 U.S. at 71. Because Defendant is not among those individuals, the classification is subject to rational basis review. *See Jester*, 139 F.3d at 1171. Because "[i]t was perfectly reasonable for Congress to assume that violent felons would pose a higher risk of endangering the public with a firearm" than would law-abiding citizens, *see id.*, the Court concludes that Congress had a rational basis for enacting the statute.

Defendant next challenges § 922(g) as being outside the scope of Congress's authority under the Commerce Clause. While Defendant acknowledges courts have consistently found that the "interstate commerce" element of the statute has been satisfied, he claims such cases are wrongly decided and should be reconsidered by the Supreme Court. This Court has no authority to depart from Supreme Court or Seventh Circuit precedent and the law on this issue is currently settled. *United States v. Sidwell*, 440 F.3d 865, 870 (7th Cir. 2006) (The argument regarding the Commerce Clause challenge to § 922(g) "has been previously rejected, and we do not find a compelling reason to reconsider these rulings in this case."). Therefore, Defendant's challenge to § 922(g)(1) on Commerce Clause grounds also fails.

For the reasons stated herein, Defendant Murquise D. Wooden's Motion to Dismiss Indictment as Unconstitutional (Doc. 55) is DENIED.

ENTER: August 28, 2025

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE